## Dixon *v.* Doe, on the Demise of Lasselle.

A Circuit Court may adopt a scrawl as the seal of the Court.

A sheriff's deed is good against the execution-defendant and his heirs or devisees, though it be not acknowledged or recorded.

If a deed regularly recorded be relied on by a person not a party to it, the record book is admissible to prove the contents of the deed.

ERROR to the *Wabash* Circuit Court.

Blackford, J.—Ejectment for three lots of ground in the

town of *Wabash.* Plea, not guilty. Verdict and judgment for the plaintiff.

The lessor of the plaintiff had purchased the lots in question at sheriff's sale. The plaintiff proved the judgment against the execution-defendant. He then offered in evidence the execution. The only seal on the execution was a scrawl with the words, " *Indiana, Wabash* Circuit Court," written within it. It was proved that the Court had adopted this form of a seal, and had caused a description of it to be recorded. This was done in order to comply with the statute, which requires every Circuit Court to have a seal devised by the Court, and to have its description recorded. Rev. Code, 1831, p. 138.

The execution was objected to as evidence, on the ground that the scrawl affixed to it was not a seal, but the objection was overruled. This objection would, no doubt, be good at common law. *Warren* v. *Lynch,* 5 Johns. Rep. 239. We have, however, a statute which provides that all instruments of writing, to which by law or the agreement of the parties a seal is necessary, may be sealed with a scrawl. Rev. Code, 1831, p. 407. We think that the Court was authorised by this statute to adopt a scrawl as a seal, and that the execution before us, with the scrawl so adopted attached to it, was legally sealed. The objection to the execution, therefore, is not sustainable.

The sheriff's deeds to the lessor for the premises, were offered in evidence and objected to. Their execution was proved by the subscribing witnesses ; and the only ground for the objection to them was, that the acknowledgments indorsed on them were not proved. This objection was correctly overruled. A sheriff's deed is good against the execution-defendant and his heirs or devisees, though it be not acknowledged or recorded.

The plaintiff offered to prove, by the record book of deeds of the county, the contents of a deed for the premises from a third person to the execution-defendant, without proving the execution of the original deed, or accounting for its absence. This evidence was objected to, but the objection was overruled. As the conveyance was not made to the lessor of

the plaintiff, and could not be presumed to be under his control, the record book was admissible evidence of the contents of the conveyance. *Bowser* v. *Warren*, 4 Blackf. 522. There was no error, therefore, in overruling the objection to this evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiff.