THOMAS ALLEN, Plaintiff in Error, *v.* ALMEIDA E. J. KING *et als.*, Defendants in Error.

*Conveyance—Sheriff's Deed—Acknowledgment*—To make a sheriff's deed for land sold under execution effectual as a conveyance of the estate of the defendant in the execution, the deed must be acknowledged in open court and the

Allen v. King et als.

acknowledgment must be endorsed by the clerk upon the deed itself. (1 T. L. p. 120-1.) A clerk of another court, although he may succeed to the custody of the records of the former court, cannot endorse the acknowledgment upon the deed. The record of the acknowledgment upon the minutes of the court should show the names of the parties to the suit and judgment. If the record of the acknowledgment when produced do not conform to the statute, it cannot aid the deed or make it effective.

*Confirmation.*—A confirmation to the legal representatives of A., by act of Congress of April 29, 1816, enures to the benefit only of those who by legal evidence show themselves to have obtained the right or title of the confirmee. (Allen v. Moss, 27 Mo. 354, affirmed.)

*Error to Jefferson Circuit Court.*

*M. Frissel* and *J. A. Beal*, for plaintiff in error.

I. The confirmation to the legal representatives of Hardy Ware enured to the benefit of William Clark. The Supreme Court of this State held, in Landis v. Perkins, 12 Mo. 239, that the sale on execution of an unconfirmed claim to lands passed the title to the purchaser at the sale as assignee of the settler. (12 Mo. 239; 22 Mo. 55; 22 Mo. 66; 27 Mo. 445; 24 Mo. 585.)

II. Although the deed has not been recorded, yet the judicial sale acknowledged of record is sufficient notice of record, so as to deprive purchasers of the plea of innocent purchase. (10 How. U. S. 348.)

III. The acknowledgment of the sheriff's deed in open court, where the deed cannot be found, is sufficient evidence to prove title under sheriff's sale on execution. (9 Mo. 523; 25 Mo. 27; Newman v. Studley, 5 Mo. 291.)

IV. The acknowledgment by the sheriff in open court of the deed, is " a transaction confined to a set of officers," and if not literally but substantially complied with, ought to be good to pass the title to *bona fide* purchasers. (12 Mo. 148.)

V. The description of the land in the deed of McNair to Clark is sufficient, and if somewhat vague, can be identified by parol evidence. (Bates v. Bank of Mo., 15 Mo. 309; 15 Mo. 309; 7 Mo. 531; 21 Mo. 127; 19 Mo. 583.)

VI. The deed of McNair should have gone in evidence for what it was worth. (19 Mo. 435.)

VII. It is not necessary for the sheriff's deed to recite the giving of notice of the sale by the sheriff. An omission of the sheriff to state in the deed to Clark, the manner of giving notice of the sale, does not vitiate the sale; at least, in a collateral proceeding, the court would not declare the deed void but only voidable, even if no notice had been given. (Landis v. Perkins, 12 Mo. 238; Draper v. Bryson, 17 Mo. 71; 20 Mo. 447; 20 Mo. 450; 9 Mo. 713; 16 Mo. 68.)

VIII. By the construction of the effect of records and judicial proceedings, sales and decrees of the Common Law Courts of England, those records are muniments of title by which many persons at common law hold their lands, and impart notice to all purchasers. The judgment of Beeler v. Smirl is a record of which all subsequent purchasers are bound to take notice, and also the execution in that case returned and on file, and the acknowledgment by McNair of the deed to Clark, on record in open court, is a part of the record imparting notice of sale of the lands to Clark. Kent, in his Commentaries, lays it down that "by analogy to the case of registry acts, it is settled that a purchaser of land is bound by notice of the judgment, though not docketed. (4 Kent, 179; 2 Hill. Rl. Est. 431.)

*Pipkin & Thomas*, for defendants in error.

The sheriff's deed offered in evidence was properly excluded, because,

I. It was not properly acknowledged according to the laws in force in 1811; no endorsement was made upon this deed. It was the duty of the clerk to endorse upon every deed acknowledged by any sheriff a certificate of such acknowledgment under the seal of the court, and to enter on the minutes a description of the land sold, the purchase money, and the names of the parties to the suit. All of these requisites were not complied with in this case. (1 T. L. 121, § 47.) The sheriff's deed to Clark conveyed no title. The conveyance of land under execution by a sheriff is a statutory power, and the statute must be pursued, otherwise the convey-

ance cannot pass title. (27 Mo. 364.) A sheriff's deed not under seal does not convey title; courts of equity will not, by their decrees, carry into effect the incomplete execution of statutory powers. (18 Mo. 530; Bright v. Boyd, 1 Sto. 486.) A court of equity cannot dispense with any of the formalities required by statute in the execution of a power. (1 Sto. 487; 1 id. Eq., § 177; 1 Madd. 35; 2 Met., Ky., 595.) This acknowledgment was made by an agent (the sheriff) under an authority conferred by the Legislature, and that authority must be strictly pursued; any departure from the requirements of the statute renders the act done absolutely void. (2 Met., Ky., 595.)

II. The acknowledgment offered in evidence, even if it had been endorsed on the deed, was too informal and insufficient to pass the title. It does not state who acknowledged the deed, nor does it give the name of the plaintiff in the execution, which of itself renders the acknowledgment void. (1. T. L. p. 121, § 47.) The clerk of the Circuit Court in 1863 endorses this acknowledgment upon the deed offered in evidence. How can this court tell whether that is an acknowledgment of this deed? Clark could have had the sheriff and clerk at the time to complete the acknowledgment. (Tanner v. Stine, 18 Mo. 587.)

III. Neither the sheriff's deed, notice of sale, nor return of the execution, show how many notices were set up, nor how long before the day of sale. The deed merely says the sheriff advertised the land "agreeably to law;" the sheriff being a ministerial officer cannot determine what is "agreeable to law." He must execute in the right form, or no consideration ever so meritorious will avail. (2 Chance on Pow. § 2987; Sug. on Pow. 370; Zouch v. Walston, 2 Burr, 1146; Earl of Darlington v. Pulteney, Cow. 266.) In cases of defective execution of powers, we are carefully to distinguish between powers created by private parties and those created by statute. The latter are construed with more strictness, and whatever formalities are required by the statute must be punctually complied with, otherwise the defect

cannot be helped in equity. (3 Meriv. 332; 1 Sto. Eq. §
96; *ex parte* Bultcel, 2 Cox, 243; Duke of Bolton v. Wil-
liams, 2 Ves. Jr. 138; Curtis v. Perry, 6 Ves. 739, 745;
Mestiar v. Gillespie, 3 Meriv. 321; Thompson v. Leake, 1
Madd. 39; Thompson v. Smith, 1 id. 395.) The annuity
act of 17 George III., C. 26, required every memorial of
an .annuity to contain the deed, &c., by which the annuity
was granted, and if it did not it was void. (Duke of Bolton
v. Williams, 2 Ves. Jr. 154; 2 Tenn. C. B. 12.) Under the
ship registry Act of 1834, Geo. III., C. 68, § 16, a certain
endorsement was required to be made on the certificate with-
in ten days. Held, in a case where this was omitted, that a
court of equity could not remedy the defect and the certifi-
cate was void. (11 Ves. 625; 6 Ves. 745; 3 Tenn. 406; 1
Mo. 382; R. S. 1835, p. 123, § 30.) This deed not having
been recorded until after the sale by Moss and wife to King,
cannot avail against King or those claiming under him. The
acknowledgment not having been endorsed on the deed until
1863, and not having been recorded at all with the deed in
Jefferson county, will not affect Mrs. King, who bought the
the land in controversy for $1300 in 1856. (22 Mo. 415;
23 id. 126.)

IV. The deed of Hardy Ware to Clark & Brinley, dated
in 1815, cannot avail because plaintiff does not attempt to
show any contract by Ware to convey said land existing prior
to the confirmation of 1812. This confirmation was made in
1812 to the legal representatives of Hardy Ware; and this
court held, when the case of Allen v. Moss was before this
court, that Ware had no interest in 1815 in the land, and that
his deed would convey no title, unless Allen could show a
contract on the part of Ware to convey this land existing
prior to 1812. (27 Mo. 364.)

V. This deed of 1815 was not recorded until 1843, and
cannot affect King, who bought without notice in 1843.

BATES, Judge, delivered the opinion of the court.

This was an action instituted by plaintiff in error against

defendants in error, for the recovery of the south half of the United States survey No. 2020, originally confirmed to Hardy Ware's legal representatives. The case was submitted to the court without a jury. On the trial, the plaintiff in error read in evidence the confirmation of the land in controversy to Hardy Ware's legal representatives, dated Nov. 12, 1812 : Deed from Hardy Ware to John Brinley, dated the —— day of October, 1805 ; deed from Brinley to James Smirl, dated the —— day of October, 1805 ; copy of deed from Hardy Ware to John Brinley and William Clark, dated the —— day of —— 1815. This last deed was never filed for record nor recorded till 1846. It was here admitted by defendants that there were regular conveyances from Brinley & Clark down to Thomas Allen, plaintiff in error. Plaintiff then offered in evidence a deed purporting to be executed by Alexander McNair, sheriff of the district of St. Louis, dated the 7th day of March, 1812, which deed is in words and figures as follows :

" To all to whom these presents shall come, greeting : Whereas, a certain writ of execution on the 13th day of October, 1811, issued from the office of the clerk of the Court of Common Pleas for the district of St. Louis and territory of Louisiana, in favor of John C. Beeler, against the goods, chattels, lands and tenements of James Smirl, to the sheriff of the district of St. Louis, and to the said sheriff of the same district delivered, a copy of which said execution is hereunto annexed and makes a part and parcel of this deed, by virtue of which said writ, I, the said sheriff, did, on the 13th day of October, 1811, levy upon and seize all the right, title, interest and property which the said James Smirl had or possessed in and to a certain tract of land situated in the district of St. Louis, south-west of the river Merimac and the waters thereof, said to contain seven hundred and forty acres of land, be the same more or less, which will more fully appear by a certificate, a plat of survey recorded in Book B, page 352, of the recorder's office of titles and claims

15—VOL. XXXV.

to land, &c., and said to be the same land which was owned by John Brinley, who was assignee of Hardy Ware; and the same being advertised agreeably to law, the advertisement bearing the 13th day of October, 1811, and was on Tuesday, the 5th day of November, 1811, being the second day of the Court of Common Pleas for said district, and whilst the said court was in session, at the courthouse door, exposed to public sale to satisfy the writ of execution aforesaid, and William Clark was the last and highest bidder for the sum of one hundred and twenty-five dollars. Now, therefore, know ye, that I, Alexander McNair, sheriff of the district of St. Louis, for and in consideration of one hundred and twenty-five dollars to me in hand paid by the said William Clark, Esq., the receipt whereof I do hereby acknowledge, and by virtue of authority in me vested by law, I do hereby give, transfer, sell and assign to him the said William Clark, Esq., all the right, title, interest and property of him the said James Smirl, in and to the aforesaid premises; to have and to hold the said granted and assigned premises and appurtenances to him the said William Clark, his heirs and assigns forever. In testimony whereof, I, Alexander McNair, sheriff as aforesaid, have hereunto set my hand and seal at the town of St. Louis, this 7th day of March, 1814. [SEAL.] Alexander McNair, sheriff. Signed, sealed and delivered in presence of John C. Sullivan and C. S. Hempstead."

Then comes the execution in due form for $352.40, returnable to the 4th day of November, 1811; then the advertisement attached to this deed, advertising said lands for sale on the 5th of November, 1811. On the back of said execution there appeared the following return: "Received this execution July 31st, 1811. A. W. McNair, sheriff." Also, " Made on this execution from sale of land and corn, as will appear from the advertisement here annexed, two hundred and twenty-one dollars, and also the costs of the execution, and my fees on the collection sum of execution and travel. A. W. McNair, sheriff St. Louis Dis." Also, " Received of

James Smirl, ninety-eight dollars and eighteen cents, being the balance of this execution. (Signed,) A. W. McNair, sheriff." Also, "Received the balance. E. Hempstead."

Plaintiff also read in connection with said sheriff's deed, the deposition of C. S. Hempstead, who swore that A. W. McNair's name to said deed was genuine, and that he (the affiant) signed said deed as a witness thereto, at the request of McNair. This deposition was taken October 11, 1856. The plaintiff also read in connection with this deed the following entry, which appears among the proceedings of the St. Louis Court of Common Pleas, on the 9th of March, 1812 :

"Alexander McNair, sheriff, to William Clark. A deed this day acknowledged in open court for a certain tract of land situate in the district of St. Louis, south-west of the river Merimac and the waters thereof, said to contain seven hundred and forty acres of land, more or less, and said to be the said land which was owned by John Brinley who was assignee of Hardy Ware, the same land sold by said sheriff, as the property of James Smirl, for the sum of one hundred and twenty-five dollars."

This acknowledgment was never endorsed upon said deed until the 15th day of December, 1863, when the clerk of the St. Louis Circuit Court endorsed it.

The plaintiff read in evidence a judgment in favor of Beeler v. James Smirl, for $320 and costs, dated the 3d day of July, 1811. The deed of the sheriff to Clark was never recorded until the 16th day of April, 1846. Plaintiff then admitted that Eliza Moss and Mrs. Burgess were the only heirs of James Smirl, deceased; that Burgess and wife in 1843, in consideration of one thousand dollars, sold their interest in the land in controversy to Thomas Moss, the husband of Eliza Moss; that Thomas Moss and wife, by their deed, in consideration of two hundred dollars, expressed in the deed, conveyed the south half of said survey to John B. King; said deed was dated the —— day of ——, 1843, and duly recorded during that year; that John B. King, for an expressed consideration of seven hundred dol-

lars, sold said land to Theo. Maria Palmer, by deed dated the —— day of ——, 1846, which was also duly recorded ; that Theo. Maria Palmer, for a consideration of thirteen hundred dollars, conveyed to A. E. J. King said land by deed, dated the —— day of ——, 1856, which was duly recorded.

The plaintiff in his petition charged that these deeds of Moss to King, &c., were all without any money consideration, but no evidence whatever was offered to support such charge ; but the deeds went before the court expressing the various considerations as above unimpeached.

The court upon this state of the evidence declared the law as follows :

1. The land having been confirmed to Hardy Ware's legal representatives in 1812, and Hardy Ware having sold to Clark and Brinley in 1805 ; and there being no evidence of any contract on the part of Hardy Ware to convey said land existing before said confirmation, the deed of Hardy Ware to Clark and Brinley is inoperative and conveys no interest.

2. Even if the deed of Ware, in 1815, was effectual to convey any interest in the land to the grantees, still such deed, not having been recorded until 1846, is void as against Mrs. King, who derived title through Moss and wife in 1843, without notice of said deed of 1815.

3. The sheriff's deed dated the —— day of March, 1812, not being acknowledged according to law, is inoperative and void, and does not divest Smirl of the title to said land.

4. Even if the sheriff's deed is valid to convey the interest of Smirl, still, not having been recorded till 1846, it is void as against King.

5. The judgment should be for defendants.

Judgment was then duly entered for defendants. The plaintiff then moved for a review and a new trial, which being overruled, he brings the case to this court by writ of error.

1. It was settled in the case of Allen v. Moss. 27 Mo. 354, that the deed from Hardy Ware to Brinley and Clark, of 1815, did not constitute them the representatives of Ware, so

that the confirmation would enure to their benefit; and consequently Allen, who claims under them, acquired no title by virtue of that deed.

2. In that case the sheriff's deed to Clark was held to be ineffectual to transfer to him any interest in the land.

In this case an attempt has been made to cure that defect, by showing an entry on the minutes of the court made about five months after the date of the deed, and which is copied in full in the statement, and also an endorsement on the deed of the acknowledgment, which endorsement was made by the clerk of the St. Louis Circuit Court on the 15th day of December, 1863. The statute in force at the time (T. L. p. 120–1) required the sheriff to "give the buyer a deed duly executed and acknowledged in court," which would be effectual to pass title to the purchaser, and required the clerk " to endorse upon every deed acknowledged by any sheriff a certificate of such acknowledgment and under the seal of the court, and to enter in the minutes a description of the lands and tenements sold, the purchase money, and the names of the parties to the suit."

It is very easy to understand what the statute intended that the sheriff and clerk should each do, but it is not quite so easy to determine what omissions by either of them affect the validity of the deed as a conveyance. To be effectual, the deed must have been acknowledged in court, and the best evidence of that fact would be the certificate of the fact endorsed upon the deed itself, as the law required; and this is wholly wanting. (It is merely absurd to suppose that another clerk of another court, after the lapse of fifty years, could certify the acknowledgment.)

Admitting for the present (but not so deciding) that the fact of the acknowledgment in the court can be established by showing the entry on the minutes, which the law required the clerk to make, yet the entry here shown does not comply with the requirements of the law. Passing over other more doubtful objections to it, it is sufficient to say that it does not give " the names of the parties to the suit," and it

cannot be said that anything is immaterial which the law positively requires. And, indeed, were it permitted to reason upon the sufficiency of that minute as evidence of the acknowledgment of the deed, it might well be maintained that the deed then acknowledged is not identified with that now produced in court. A defective entry or no entry might not invalidate the deed; but when the entry is produced as evidence of the fact of acknowledgment, it must appear to be such as the statute required. . .

The Circuit Court therefore did not err in declaring that the deed was not acknowledged in court, and that it was inoperative to pass the title of Smirl.

Judgment affirmed. Judges Bay and Dryden concur.