————◄◦0◦►————

JOHN W. SCRUGGS, Plaintiff in Error, v. JAMES SCRUGGS and NAPOLEON B. SCRUGGS, Defendants in Error.

1. *Conveyances—Sheriff's Deed—Acknowledgment.*—Where the entry of the acknowledgment endorsed upon the deed executed by the sheriff is regular and in proper form, the error of the clerk in making his entry of record will not invalidate or affect the deed.    The law imposes a duty of making the statutory entries on the clerk as the officer of the court, but over him the purchaser has no control.

2. *Limitations—Adverse Possession.*—An actual, continued, adverse and open possession of the premises sued for, with an assertion of title for more than ten years prior to the commencement of an action of ejectment, bars the plaintiff's title.

### *Error to First District Court.*

The clerk's entry on the record was as follows :

"W. D. Kerr, sheriff of Cole county, this day comes into court and acknowledges the execution of a deed of convey-

Scruggs v. Scruggs et al.

ance, conveying from him as sheriff to James Mahan the west half," &c.

The certificate of acknowledgment endorsed on the deed from the sheriff to Mahan was as follows :

"State of Missouri, County of Cole.—Be it remembered, that on the 25th day of May, A. D. 1847, personally appeared the above-mentioned W. D. Kerr before the Circuit Court in and for the county of Cole, and in open court acknowledged the above and foregoing instrument of writing, as sheriff of said county, to be his act and deed for the purposes therein contained and mentioned ; he, the said Kerr, being personally known to said court as sheriff of said county, and the person whose name is subscribed to the above and foregoing instrument of writing, as having executed the same. In testimony," &c.—G. A. Parsons, clerk, by Rob't Kyle, D. C. (Seal.)"

*Ewing & Smith*, for plaintiff in error.

I. This is a valid and sufficient certificate of acknowledgment in all respects—R. C. 1845, p. 485, § 50 ; id. p. 222, § 21 ; Allen v. King, 35 Mo. 216 ; Crowley v. Wallace, 12 Mo. 143.

II. Possession to be of any avail under the statute of limitations must be adverse and hostile to the claim or claims of all the world—32 Mo. 558 ; 34 Mo. 44 ; 22 Mo. 267 ; 28 Mo. 483 ; Ang. on. Lim. 478 et seq. & 444.

*Geo. T. White*, for defendants in error.

As plaintiff's vendor never had possession of the land, but it was proved to have been always in the possession of defendants, there can be no pretence that he should have any sort of right to recover under his deed of purchase— Gray v. Givens, 26 Mo. 291–300 ; Carter v. Scaggs, 38 Mo. 302 ; Shafer v. Shoot, 25 Mo. 203–4 ; Gay v. Moffit, 2 Bibb, 506 ; Carondelet v. Simon et als., 37 Mo. 408 ; Cottle v. Sydnor, 10 Mo. 769 ; Menkens v. Ovenhaus, 22 Mo. 75 & 266 ;

Bollinger v. Chouteau, 20 Mo. 94; Layson v. Galloway, 4 Bibb, 100; 5 Serg. & R. 236; Biddle v. Mellon, 13 Mo. 335.

WAGNER, Judge, delivered the opinion of the court.

Ejectment brought by plaintiff for a tract of land in Cole county. The defence set up and relied on was the statute of limitations. On the trial in the Circuit Court the jury found for defendants, and judgment was rendered accordingly. The case was then taken to the District Court, where the judgment was affirmed, and from that decision the plaintiff prosecutes his writ of error.

At the trial in the Circuit Court, the plaintiff, for the purpose of deducing title, offered and read in evidence a deed made by the sheriff of Cole county to one Mahan, who afterwards conveyed all the title which he acquired to the premises by virtue of the said sheriff's deed to plaintiff. This deed was subsequently excluded from the consideration of the jury by an instruction of the court, and this action of the court in giving the instruction (which is numbered ten in the defendants' series) is the principal error complained of by the plaintiff. The reason assigned for the exclusion of the deed is based on an assumed insufficiency of the certificate of acknowledgment, and in this connection the point is raised that the clerk of the court failed to make the proper statutory entry on the record at the time of making the acknowledgment by the sheriff, and that this failure or clerical error constitutes a fatal defect. Sec. 50, R. C. 1845 (which governs this action), under the title of Execution, provides that every officer executing any deed for lands, tenements, or hereditaments, sold under execution, shall acknowledge the same before the Circuit Court of the county in which the estate is situated. Section 51 declares that the clerk of the court shall endorse upon such deed a certificate of the acknowledgment or proof under the seal of the court, and shall make entry of such acknowledgment or proof, with the names of the parties to the suit and a description of the property conveyed.

The certificate of acknowledgment endorsed on the deed states that the sheriff personally appeared before the Circuit Court in and for Cole county, in open court, and acknowledged the deed, as sheriff of said county, to be his act and deed for the purposes therein contained and mentioned; and that the sheriff was personally known to the court as the sheriff of said county of Cole, and the person whose name was subscribed to the instrument as having executed the same. The certificate of the clerk endorsed on the deed states and embodies every essential fact required by the statute, and is in substantial compliance with the law.

The entry made by the clerk on the record is defective: it merely says that the sheriff came into open court and acknowledged the execution of a deed of conveyance, conveying from him as sheriff to James Mahan certain property, describing it; whereas the statute requires that in addition to the above facts the names of the parties to the suit should be stated. But will this clerical omission or error operate to the prejudice of the purchaser? It is undoubtedly the duty of a party taking a deed as grantee, or vendee, to see that his conveyance is correct, and that it contains apt words carrying the interest intended to be conveyed, and that the acknowledgment is in due form of law. But a mistake of the clerk in making up the records of the court ought not to be allowed to affect the purchaser injuriously when the conveyance, acknowledgment and certificate are all regular, and convey a perfect title. The law imposes a duty of making the statutory entries on the clerk, an officer of the court, and the purchaser has no control over him. Were the record entry offered in evidence to give effect to or aid a defective acknowledgment, a different case would be presented; but such is not the fact. It is not invoked by the plaintiff: his deed, certificate and acknowledgment are all regular and constitute a valid conveyance, and it cannot be impaired by the defendants showing a clerical mistake, or omission by the clerk in making up his records. We therefore think the court erred in giving the tenth instruction.

But although error was committed in this respect, we do not see that the plaintiff suffered injury thereby. The only contention presented by the defendants was the statute of limitations ; and the instructions given by the court on the question of the statute tolling the entry, though open to some verbal criticism, were substantially correct. The jury found an actual, continued, adverse and open possession of the premises by the defendants, with an assertion of title for more than ten years prior to the bringing of the suit, and their verdict must be taken to be final and conclusive.

Judgment affirmed. The other judges concur.