STATE OF MISSOURI *ex rel.* SAMUEL C. McCUNE, Relator, *v.* THE RALLS COUNTY COURT, Respondent.

1. *Quo warranto — County sheriff — Vacancy — Title to office.* — A vacancy in the office of sheriff such as a County Court is authorized to fill implies a state of things where no one has any title to the office. Such vacancy does not exist, when, on *quo warranto,* judgment of ouster against the incumbent of the office was obtained on the ground that relator had a superior title.

*Petition for mandamus.*

*Geo. H. Shields,* and *H. B. Johnson,* for relator.

*Sharp & Broadhead,* for respondent.

BLISS, Judge, delivered the opinion of the court.

At the March term of this court a judgment of ouster was rendered against John H. Steers, then usurping the office of sheriff of Ralls county. The facts upon which the judgment was based were that said Steers and the present relator, Samuel McCune, were the only candidates before the people at the general election of 1868, for the office of sheriff of Ralls county; that the said McCune received a majority of the votes cast for that office, but that the county clerk improperly refused to count the votes of one of the precincts of the county, which refusal changed the result and gave a majority to Steers, to whom he issued his certificate, and who obtained his commission. The court held that the clerk had no right thus to reject the votes of a precinct, and that Steers was not elected to and entitled to the office. Upon the rendition of this judgment, the present relator exhibited to the governor such evidence of his election that he gave him a commission as sheriff of said Ralls county, and he took the oath and presented his bond as sheriff to the Circuit Court, which was approved. In the meantime the County Court, upon notice of the judgment of ouster against Steers, declared a vacancy, appointed Steers to fill it, and ordered a new election under the statute. The judges refused to recognize the relator as sheriff or fix his bond, but he filed and presented one as county collector, admitted to be sufficient to cover the State and county revenue, and tendered it to the County Court, with proof of the requisite responsibility of the signers; but the court made an order rejecting it, without giving any reasons.

This court, at the relation of said McCune, issued an alternative writ of *mandamus*, directed to the said County Court of Ralls, to "accept and approve the said bond and recognize the relator as the lawful sheriff of the county," or show cause, etc. To this writ the respondents make return that by virtue of the judgment upon said writ of *quo warranto*, the office of sheriff and collector of Ralls county became vacant; that, under the constitution, it became their duty to fill said vacancy by appointment until it could be filled by election; that they filled the

60 ST. LOUIS.

State of Missouri ex rel. McCune, relator, v. Ralls County Court.

vacancy by the appointment of said Steers, and ordered a special election; and, having made such appointment and order, they could not approve the relator's bond.

The return assumes that the judgment of ouster created a vacancy, when in fact it had nothing whatever to do with the question. Whether there was a vacancy or not did not depend upon the question of intrusion, but upon the further question not directly passed upon by the court, whether there was any one else entitled to hold the office. It is a singular assumption that, because Steers is not entitled to the office, therefore no one is. His want of right may have arisen from the fact that some one else possessed the right, or it may have arisen from some other cause. It is true, a simple judgment of ouster is not a judgment in favor of any other claimant; but the return of the county judges seems to assume that it has the effect of a judgment against such claimant, as well as against the intruder.

Counsel inquire if death, resignation, or removal could more effectually make a vacancy than was created in that case. That depends entirely upon the meaning of the term. We are often deceived by a play upon words. If we are to understand by vacancy an interregnum, without reference to the right of any one to fill the place or the space, before the person entitled to it has qualified, then the action of the court created one; but such a vacancy as the County Court is authorized to fill implies a state of things where no one has any title to the office — a fact not involved in the judgment. So far from that being the case, the judgment itself was founded upon the fact that the present relator had the superior right, although, as he was not named in the proceedings, no judgment could have been rendered in his favor. Had the proceeding been instituted on his relation, the judgment would have been for him as well as against the respondent; but being upon the relation of the attorney-general, it could only be one of ouster.

The returned facts show that, after the judgment of ouster which advised the governor of the fact found by the court, that McCune had received a majority of the votes, and of the error in the certificate of the clerk upon which he had issued his com-

mission to Steers, he at once gave a commission to McCune, who had been entitled to it from the beginning. How, then, was there a vacancy, in the legal sense of the term, when the relator proceeded at once to obtain his commission, as soon as one could be issued under the judgment, canceling in effect that of the intruder, and to qualify under it?

This case is precisely, in all material facts, like that of State *ex rel.* Jackson v. Howard County Court, 41 Mo. 246, and the Ralls County Court should have been governed by that case. The fact that Steers had obtained a commission does not vary it, for a commission vacated by judgment is certainly no better than none at all. The matters relating to the effect of the governor's commission and other questions are so well reasoned in that case that to go into them now would be mere repetition.

Inasmuch as it is admitted by the agreed statement of facts that the bond tendered by the relator was sufficient, and that he is commissioned and has otherwise qualified, a peremptory *mandamus* will issue. Judge Currier concurs; Judge Wagner is absent.