Ryan v. Carr.

EDMUND RYAN, Plaintiff in Error, *v.* MUNSON CARR, Defendant in Error.

1. *Conveyances — Act December 12, 1855 — Defective acknowledgments subsequent to, impart notice.*—A private deed, although defectively acknowledged, or even not acknowledged at all, is good between the parties and against subsequent purchasers with notice; and under our statute (Wagn. Stat. 595, §§ 35, 36 ), the record of such a deed prior to December 12, 1855, would impart constructive notice. (Stevens v. Hampton, *ante,* p. 404; Bishop v. Schneider, *ante,* p. 472.) But a sheriff's deed under an execution sale, if defectively acknowledged, conveys no title. The property is conveyed against his will. The conveyance is not his act, but that of the law, and the law must be strictly complied with.

And such deeds are not validated by sections 35 and 36, *supra.* The sole object of these sections was to cure defective acknowledgments of conveyances in themselves good. And they can not apply to a sheriff's deed, for the reason that a legal acknowledgment is essential to the validity of the deed itself.

*Error to Second District Court.*

*Ewing & Holliday,* and *Conger, Reynolds & Relfe,* for plaintiff in error.

I. The deputy sheriff had full authority to make the deed (Ter. Laws, 618, § 10, Geyer's Dig.); and even if no express authority were given by law, yet the making up of the deed was a ministerial act, and could be performed by a deputy. ( Lewis v. Lewis, 9 Mo. 188.)

II. The defect, if any, in the certificate is cured by section 36, chapter 143, p. 595, Wagn. Stat., which is but a recognition of the old doctrine, that an ancient document proves itself, extended to cases in which the original instrument is lost, so as to include the record thereof. (1. Greenl. Ev., §§ 20, 21.)

*Detchemendy & Emerson,* for defendant in error, urged among others the following points:

I. A sheriff's conveyance must strictly comply with all the requirements of the statute, otherwise it is void. (Morton v. Reed, 9 Mo. 878 ; Williams v. Payton, 4 Wheat. 77 ; Parker v. Rule's Lessee, 9 Cranch, 64.)

II. The so-called sheriff's deed was not the act of the then sheriff, Daniel Dunklin, and is therefore void, as the law then in force required the sheriff, and not a deputy, to make and acknowledge deeds for land sold under execution. (1 Ter. Laws, 120, § 45; Geyer's Dig. 269, §§ 72–4; Evans v. Ashley, 8 Mo. 177; Alexander & Betts v. Merry, 9 Mo. 514.)

BLISS, Judge, delivered the opinion of the court.

In 1820, the person from whom the plaintiff claims title to the land in controversy purchased the same at sheriff's sale. Before the levy and sale, but while the judgment lien existed, the judgment debtor conveyed the land to the person from whom the defendant derives title, and the only question now to be considered is the validity of the sheriff's deed. It was ruled out below, and the plaintiff insists that the court therein committed error.

The statutes in force at the time of this sale (Ter. Laws, 121) then, as now, required that sheriffs' deeds should be acknowledged in the courts of the districts where the lands lie, and that the clerks of the courts should indorse upon every deed acknowledged by any sheriff a certificate of such acknowledgment, under the seal of the court, and to enter on the minutes a description of the lands and tenements sold, etc. The transcript from the record of the deed shows an indorsement of a certificate of acknowledgment made six years after the execution of the deed, but the certificate is not under the seal of the court, and it purports that the sheriff executed and acknowledged the instrument, when the deed was, in fact, executed by his deputy. There are other irregularities not necessary to be noticed, as the acknowledgment and certificate are so clearly defective that the only question to be considered pertains to the validity of a sheriff's deed when not acknowledged or certified.

A private deed, though defectively acknowledged, or even not acknowledged at all, is good between the parties and against subsequent purchasers with notice; and under our statute (Wagn. Stat. 595, §§ 35–6), the record of such deed, previous to December 12, 1855, would doubtless impart constructive notice.

(See Stevens v. Hampton, *ante*, p. 404, and Bishop v. Schneider, *ante*, p. 472.) And in Indiana it is held that the deed of a sheriff, otherwise conforming to the law, is good as against the execution defendant, although not acknowledged. (Doe *ex dem.* Wayman v. Naylor, 2 Blackf. 32 ; Dixon v. Doe *ex dem.* Lasalle, 5 Blackf. 106.) The Supreme Court of that State applied to sheriffs' deeds the rule applicable to deeds between private parties, for the reason doubtless that no special provision is there made by statute for the acknowledgment of such deeds, leaving them to the operation of the law applicable to all conveyances.

But, as we have seen, the requirements of our statute were special and imperative, and it has always been considered that the acknowledgment in open court, and certificate of the same, are essential to the validity of the conveyance. Deeds by public officers can not receive the same liberal construction against the grantor as when made by private parties. The property of the execution debtor is conveyed against his will ; the conveyance is not his act, but that of the law, and the law must be complied with.

It is well held in Scruggs v. Scruggs, 41 Mo. 242, that when an acknowledgment is properly made, and the certificate upon the deed is according to law, the purchaser who receives the instrument shall not be made to suffer from the neglect of the clerk in making an informal entry upon his record. But, as in the case at bar, if the purchaser voluntarily receives a deed, upon which the certificate is not only itself irregular, but which shows an irregular acknowledgment, he can not complain. The non-compliance with the law is patent, and if he is deceived, it is with his eyes open.

It is not necessary to say whether, if the plaintiff had introduced in evidence the record entry of the acknowledgment, and that had shown a compliance with the law, the defect in the certificate would have been cured. The question was raised, but not decided, in Allen v. King, 35 Mo. 216, the court in that case holding both the certificate and the record to be defective. Counsel contend that this defect is cured by the statute before referred to (sections 35 and 36 of the act concerning evidence), which

provides that records of instruments heretofore made, defectively acknowledged, shall impart notice, and that certified copies of ancient deeds may be read without proof of execution. But they wholly mistake the difficulty. This is not a defective acknowledgment of a deed good without any acknowledgment. The legal acknowledgment of a sheriff's deed is essential to its validity. No title can pass without it; and it does not matter whether other purchasers have notice or not. The sole object of this statute was to make the record of an instrument in writing — the instrument being good in itself, but defectively proven or acknowledged — operate as constructive notice, the same as though the proof or acknowledgment had been regular; and the last clause of section 36, added in 1868, admits certified copies of records made before 1837, without proof of the execution of the original instrument. But the act gives no validity to such copies if the original were invalid, and, as we have seen, the original deed did not comply with the law and could not convey title.

The other judges concurring, the judgment is affirmed.