Delassus *v.* Poston.

———◦◦◦◦———

DELASSUS & DELASSUS, Respondents, *vs.* POSTON & McGREADY, Appellants.

1. As to the vendor's lien for the purchase money of land, and what is or is not a waiver of it.
2. Where a vendor of land executes a bond, conditioned to convey upon a specified day, subsequent to the time when the purchase money becomes due, a conveyance will not be enforced until the purchase money is paid, although, by the terms of the bond, the conveyance is not expressly made to depend upon the payment of the purchase money.
3. The fact that the vendor procures the notes given for the purchase money to be allowed against the estate of the vendee, is not a waiver of his right to resort to the land.
4. The fact that the equitable interest of the vendee is sold at administration sale, by request of the vendor, who retains the legal title, is not a waiver of the latter's right to enforce his lien against the land in the hands of a purchaser with notice. The right of the purchaser is, to have a deed upon paying the unpaid balance of the purchase money.

5. The mere addition of the words "*and relinquishes her dower,*" in the certificate of a married woman's acknowledgment, will not render it inoperative to pass her own estate.

6. The supreme court can correct no error in a judgment in favor of the appealing party against a party who does not appeal.

### *Appeal from St. François Circuit Court.*

This was a petition, filed by C. E. and L. Delassus against Poston, to enforce a vendor's lien for an unpaid balance of the purchase money of land. McGready was subsequently made a co-defendant.

In March, 1840, the plaintiffs, and their sister, the wife of Peter R. Pratte, being the owners of the land, sold the same to George W. Hoy, who executed three notes for the purchase money, the last of which was payable on the 30th of March, 1842. The first of the notes was signed by J. B. Clardy, as security, to whom Hoy shortly afterwards executed a *mortgage* on personal property, for his indemnity. The plaintiffs, with Pratte and wife, executed a bond to Hoy, conditioned to convey the land " on or before the 1st day of April, 1842, that day being the day mentioned by a note given by the said Hoy, bearing equal date with this bond, for the last payment of the purchase money." Afterwards, Pratte and wife assigned all their interest in the three notes to the plaintiffs, and executed to them a conveyance of all their title to the land, in order that the plaintiffs might be able to make a deed to Hoy, according to the condition of the bond. This conveyance is not set out in the record, but the finding of the court below states that it was acknowledged before a judge of the county court, whose certificate stated that the wife, on a separate examination, acknowledged that she " executed the deed, *and relinquishes her dower* freely," &c. The officer who took the acknowledgment testified that he made the wife acquainted with the fact that she was conveying her own estate, and that she acknowledged it as such a conveyance. Before either of the notes given for the purchase money was paid, Hoy died, and Clardy administered

Delassus *v.* Poston.

on his estate. The notes were presented by the plaintiffs and allowed against the estate. Clardy, the administrator, under an order of court, sold the personal property mortgaged to him, and with the proceeds paid the first of the notes in full. The personal effects of the estate being exhausted, the county court, upon a petition presented by the administrator, by request of the plaintiffs, ordered all the right, title and interest which Hoy had in the land, at the time of his death, to be sold; and after regular proceedings had, the same was sold, and Poston became the purchaser, at the price of ten cents an acre. The plaintiffs gave public notice at the sale that they had a lien on the land for the unpaid balance of the purchase money. The sale was confirmed by the court, and the administrator applied the proceeds to the payment of the notes held by plaintiffs, leaving a large balance on the notes still remaining unpaid. In the present proceeding, the plaintiffs seek to enforce their lien against the land for this balance.

The Circuit Court, treating the certificate of acknowledgment of the deed from Pratte and wife to plaintiffs as insufficient to pass the wife's estate, made a decree reforming the same, and vesting in the plaintiffs all of Mrs. Pratte's estate in the land. The court then, upon the refusal of the defendants to elect to pay plaintiffs the balance due on the notes, decreed that the land be sold by the sheriff, and that the proceeds, *after payment to Poston of the amount paid by him as purchaser at the administration sale*, with interest, be applied to the payment of the balance due on the notes, with interest; and that the surplus, if any, be brought into court for further direction. From this decree, the defendants alone appealed.

*M. Frissell*, for appellants. The plaintiffs have lost their lien upon the land by their own acts. They covenanted to convey on a certain day, without reference to the payment of the purchase money. They procured their demand to be allowed against Hoy's estate, and by their request, the administrator procured an order of sale of the land. By the 23d section of article 3 of the act concerning executors and administra-

tors, (R. C. 1835,) the appellants held the land discharged of all liability for Hoy's debts. The fact that they gave notice at the sale that they claimed a lien, can have no effect. The lien was cut off by the sale. *Buford* v. *Smith*, 7 Mo. Rep. 489. If, however, the lien is not lost, the plaintiffs are not in a position to enforce it, because they cannot make a good title if the defendants should pay the balance of the purchase money. The certificate of Mrs. Pratte's acknowledgment is insufficient to pass her estate, and the court could not reform it.

*J. W. Noell* and *G. E. Young*, for respondents. It was the duty of the plaintiffs first to seek payment from the personal estate of Hoy, the primary fund for the payment of debts, and by so doing, they did not lose their lien on the land, nor evince any intention to abandon it. What is a waiver of a lien is a question of intention entirely. The fact that security was taken for the first of the notes only, that the title was to be made after the last note became due, and that the plaintiffs gave notice of their lien at the administration sale, all show that the lien has always been relied upon. This is clearly a case of an equitable mortgage. 15 Vesey, 329. Poston, at the administration sale, acquired Hoy's title subject to the lien, and the price paid by him shows that he knew it. 2 Story's Eq. §123 *et seq.* *McKnight & Brady* v. *Bright*, 2 Mo. Rep. 89. The fact that the title bond binds the plaintiffs to convey upon a day certain does not show that they did not rely upon their lien. A court will not enforce the specific performance of a contract to convey, until the purchase money is paid, although the covenant to convey is not made to depend on the payment. *Oliver* v. *Dix.* 1 Dev. & Batt. Eq. Rep. 605. It was competent for the court to reform the certificate of acknowledgment. 2 Carter's (Ind.) Rep. 385.

GAMBLE, Judge, delivered the opinion of the court.

1. That a vendor retains a lien for the unpaid purchase money of land, even when he has conveyed the same to the

vendee, and has not waived or discharged the lien, is a settled principle of law. That the taking a bond or note of the vendee has no effect in waiving the lien, is as clearly settled. That a lien may be waived by the act of the parties showing that it was not intended to be retained, has been admitted in all the cases in which the subject has been considered. Chancellor Kent, in *Carson* v. *Green*, 1 John. Ch. R. 309, says : " *Prima facie*, the purchase money is a lien upon the land, and it lies upon the purchaser to show that the vendor agreed to rest upon other security." Chancellor Walworth, in *Fish* v. *Howland*, 1 Paige's Rep. 20, reviews the English cases and many American cases upon the point of waiving the lien, and arrives at the conclusion that the lien is waived, whenever any security is taken upon the land, *or otherwise*, for the whole or any part of the purchase money, unless there is an express agreement that the equitable lien on the land shall be retained. In *Gilman* v. *Brown*, 1 Mason's R., 212, Mr. Justice Story held, that taking the notes of the vendee, with other persons as security, was a waiver of the lien, and this opinion was sustained by the Supreme Court of the United States. *Brown* v. *Gilman*, 4 Wheat. 291. The mass of American authorities agree with the opinion expressed by Justice Story.

2. But we have in the present case not a conveyance of the land, but a bond to convey upon a certain day, which is stated in the bond to be, "the day mentioned by a note given by the said George W. Hoy, bearing equal date with this bond, for the last payment of the purchase money." Now, although the purchaser gave a note with security for the first instalment of the purchase money, it is evident that, as the conveyance was not to be made until the payment of the last instalment, the title was retained as a security for the payment of the whole purchase money. It would be absurd to suppose that the vendee, under such an agreement, could obtain a specific execution of the contract to convey, without paying the purchase money. Reason and authority both forbid it. The agreement of the parties, as evidenced by the instruments they executed, was,

28—VOL. XIX.

that the vendors should, at least, be secure in the first instalment of the purchase money, and for that purpose, they were to have personal security for its payment, and they were to rely upon the land for the payment of the other instalments, if the vendee was otherwise unable to pay them, and to give effect to this agreement, the title was retained in the vendors. Where the vendors have title in themselves at the time of the agreement to sell, and, instead of making a conveyance, they make an obligation to convey at the time the last note for the purchase money becomes due, it would require the clearest possible evidence of their intent to release the land from a lien for the purchase money, to justify a court in holding them bound to convey without being paid. No such intent appears in this case. In *Basevi* v. *Serra*, 14 Ves. 313, Sir Wm. Grant says : " If a party selling an estate chooses to stipulate that the contract shall be completed, and the land conveyed, trusting for the payment of the purchase money to the personal obligation of the purchaser, he cannot afterwards say, you shall not have the estate before you pay, because, under the contract, the right to a conveyance is not dependent on the payment of the purchase money. But if the time had come when the covenant was to be performed, and the consideration was to be paid, the court would not permit the party to receive that which he had purchased, without taking care that he paid the stipulated price for it." *Corsbie* v. *Free*, 1 Craig & Philips, 74. Batten on Contracts, 108, 65 Law Lib. 79.

3.. The fact that the vendors had the notes for the purchase money allowed against the estate of the vendee, after his death, does not affect their right to resort to the land for the payment of the balance of the purchase money. As it is the admitted law, that taking the notes of the vendee for the purchase money has not the effect of waiving the lien for the purchase money, it follows that the enforcement of the notes, in the modes authorized by law, can have no such effect. *Clark* v. *Hunt*, 3 J. J. Marsh. 558.

4.. The fact that the plaintiffs requested the administrator of

Hoy to procure a sale of Hoy's interest in the land, does not affect their right to have the land sold to pay the purchase money. The third section of the third article of the administration act authorized the county court to order the sale of the interest of the intestate in the land, when there was not sufficient assets to pay for the real estate purchased. A proceeding under this section would have substituted another purchaser in the place of the intestate, and from him the plaintiffs would expect to receive their purchase money. It was their expectation that such would be the effect of the sale, for they attended at the sale, and gave notice to the bidders that there remained a large part of their purchase money unpaid, and that they held the land bound for the balance. Such also must have been the expectation of the defendants, when they bid ten cents per acre for the land, with such notice of the plaintiffs' right, unless they supposed that there was some trick in the law by which they could get the land out from under the plaintiffs' claim, and hold it for the ten cents an acre. Accordingly, they insist that, as purchasers at an administrator's sale, they hold the land discharged from the debts of the intestate. But they forget that they have not a title to the land. They have purchased only an equity, evidenced by a bond which binds the plaintiffs to convey upon the payment of the purchase money. While the right they have purchased may not be subject to sale for the payment of the debts of the intestate, in the modes provided by the statute for such sales in the course of administration, still the debt to the plaintiffs is a specific lien upon this land, which is to be enforced against it, when claimed by any person under the intestate, and without the payment of which, equity will not recognize the right of the defendants to have the title. It will be enforced against the land in the hands of any person holding under Hoy, with notice.

5. It is objected to the right of the plaintiffs that they are not able to comply with the terms of the title bond, because, in the acknowledgment of the deed from Pratte and wife to the plaintiffs, conveying the title of Mrs. Pratte, she acknowledg-

ed that she " *relinquished her dower* in the premises," when her own estate was conveyed. This deed is not spread upon the record, and we have to take the objection to the acknowledgment as it appears to have been made when the deed was before the Circuit Court. The deed was dated October 13th, 1841. This objection was considered in the case of *Chauvin* v. *Wagner*, 18 Mo., 531, which arose under the act of 1825, and a majority of the court held, that it was not a substantial objection to the acknowledgment, thereby overruling *McDaniel* v. *Priest*, 12 Mo. 545. The act of 1825 was more particular in regard to such acknowledgments than the act in the code of 1845. As this record presents the case to us, there was no necessity for the court, in its judgment, to correct the mistake in the acknowledgment, and therefore we take no notice of the question, whether it is competent for a court to correct such mistakes.

6. The judgment or decree in this case requires that, out of the proceeds of the sale which is ordered to be made, there shall be paid to the defendants, the sum which they paid for their purchase at the administrator's sale, with interest thereon. This judgment is not appealed from by the plaintiffs, and therefore we cannot correct an error made in favor of the defendants. If we could, it is certain that the defendants would not be allowed to speculate upon terms of such safety as the decree permits. The sum they paid belongs to the representatives of Hoy, for the right of Hoy, which the defendants purchased, and under that purchase, they are entitled to the surplus which the land may produce, after satisfying the claim of the plaintiffs. But the consideration of their purchase should be distributed among Hoy's representatives. If the land does not satisfy the claim of the plaintiffs, then the speculation of the defendants should produce a loss to them of the amount they have paid for their purchase of Hoy's interest. But as there is no appeal before us, in which complaint is made of this part of the decree, we cannot reverse so much as we hold to have been erroneously in favor of the defendants. The judgment is, with the concurrence of the other judges, affirmed.