Delassus *v.* Poston.

---

DELASSUS & DELASSUS, Appellants, *vs.* POSTON *et al.*, Respondents.

1. A. purchased at an administration sale of the property of B. a tract of land subject to the lien of C. as vendor, for the purchase money. *Held,* in a suit by C. against A. to enforce the lien in which it was decreed that the land be sold, and the proceeds applied to the payment of the unpaid purchase money, that it was erroneous to decree that out of such proceeds A. should first be paid the amount paid by him at the administration sale.

*Appeal from St. François Circuit Court.*

The facts of this case sufficiently appear in the opinion of the court and the statement of the case as reported 19 Mo. Rep. 425.

*J. W. Noell,* for appellants.

*M. Frissell,* for respondents.

RYLAND, Judge, delivered the opinion of the court.

This case was heretofore brought by the present appellees into this court as appellants against the new appellants, who were then appellees, and is reported in 19 Mo. Rep. 425. The judgment below was then affirmed. But, in the opinion of this court, then delivered, this court said: "The judgment or decree in this case requires that out of the sale which is ordered to be made, there shall be paid to the defendants the sum which they paid for their purchase at the administrator's sale, with interest thereon. This judgment is not appealed from by the plaintiffs, and therefore we cannot correct an error made in favor of the defendants. If we could, it is certain that the defendants would not be allowed to speculate upon terms of such safety as the decree permits. The sum they paid belongs to the representatives of Hoy, for the right of Hoy, which the defendants purchased, and under that purchase they are entitled to the surplus which the land may produce after satisfying the claim of the plaintiffs. But the consideration of their purchase should be distributed among Hoy's representatives. If the land does not satisfy the claim of the plaintiffs, then the speculation of the defendants should produce a loss to them of the amount they have paid for their purchase of Hoy's interest. But as there is no appeal before us, in which complaint is made of this part of the decree, we cannot reverse so much as we hold to have been erroneously in favor of the defendants."

Afterwards, upon application made to this court, an appeal was, by its order, allowed to the plaintiffs, and they now bring before this court the present appeal, and assign, for error, the

decree of the court below, or, rather so much of it as orders and directs the sum of money and interest thereon to be repaid to the defendants, which they paid for the land at the administrator's sale. We consider the opinion heretofore made, a part of which is copied above, as settling this matter. That part of the decree must be reversed.

It was a risking bargain on the part of the defendants. They have no right to expect that their purchase money should be repaid to them. "They did not speculate upon terms of such safety." That part of the decree aforesaid is, with the concurrence of the other judges, reversed.