RICHARD H. DURETTE, Plaintiff in Error, v. BENJAMIN BRIGGS AND ABRAHAM McPIKE, Defendants in Error.

1. *Sheriff's deed, recitals in.*—The recitals in a sheriff's deed are conclusive on the parties to the deed and those claiming under them.

2. *Executions — Sales under satisfied executions — Evidence, parol, touching.*— When it appears that certain of the premises levied on were sold by virtue of one or more executions after such executions were satisfied by the sale of other property, the deed as to such premises so subsequently sold is void and inoperative; and the question whether the premises were sold under executions which had thus performed their office was one to be decided either by the recitals of the sheriff's deed or by evidence *aliunde.*

3. *Sales — Vendor's lien waived by taking collateral security.*—It is the settled law in this State that where the vendor of land takes collateral security for the purchase money, he will be presumed to have waived his lien upon the land conveyed; and if he entertained a different intent, he must show it by satisfactory testimony.

*H. L. Lipscomb*, for plaintiff in error.

The courts below erred in admitting the testimony of Muldrow, McPike, Briggs, and others, to contradict the sheriff's deed to Proctor. Muldrow was himself the sheriff. (Jackson v. Cray, 12 Johns. 427; Jackson v. Vanderheyden, 17 Johns. 167; Jackson v. Eberle, 20 Johns. 49; Jackson v. Roberts, 7 Wend. 83; Reed v. Austin, 9 Mo. 723.)

Aside from the Proctor execution, the sale under the Rice execution carried the title. The Rice execution was against B. M. Briggs only, and was based upon the oldest judgment— August 26, 1859. Even if more land was sold than was sufficient to pay the Rice debt, this would be no defense. It might be an irregularity (if true, which is denied), to be corrected by direct application on the part of B. M. Briggs to the Circuit Court for that purpose. But whilst the sale and deed remain, it can be no defense to plaintiff's claim. (Reed v. Austin, 9 Mo. 713; Huks v. Perry, 7 Mo. 346; Landes v. Perkins, 12 Mo. 238; Draper v. Bryson, 17 Mo. 71.) The lien of the Rice judgment was continued by the levy of the execution. (Bank v. Wells, 12 Mo. 361.)

Ely, grantor of B. M. Briggs, waived his lien as vendor when he made a deed and took B. M. Briggs' note with John C. Briggs

as surety. (4 Kent, 153; Fish v. Howland, 1 Paige, 20; Delassus v. Porter, 19 Mo. 425; Adams v. Cowherd, 30 Mo. 459; Sullivan v. Ferguson, 40 Mo. 79-90; 2 Washb. Real. Prop. 90-3.) Ely having by deed passed the title to B. M. Briggs, no lien could exist in favor of his assignee Martin, and plaintiff being no party to Martin's suit and decree in Ralls Circuit Court, is not affected thereby. (4 Kent, 153, note *b*; 11 Gill. & Johns. 217; 6 How., Miss., 362; 1 Paige, 301; 2 Washb. Real Prop. 92-4; 30 Mo. 459-61.)

Again, Martin had taken a note from B. M. Briggs and J. C. Briggs, and the note assigned, if any, and the assignment thereon, if any, had long before his suit in Ralls passed away and ceased to exist.

Defendant's instructions should have been refused. The first instruction assumes the existence of a vendor's lien in behalf of Martin, and asserts that the non-payment of a part of the purchase money creates a lien, ignoring the facts in proof — that Ely, grantor of Briggs, had made an absolute deed and taken independent security; that Martin was his assignee, and that the assigned note had been surrendered to Briggs.

*J. T. Redd*, for defendants in error.

A recital in a deed is not conclusive, and has not been so held except in a class of cases where it is introduced against a party to the reciting deed, or one who claims under a party by title derived subsequent to the reciting deed. (Crane v. Morris *et al.*, 6 Pet. 611; Penrose v. Griffith, 4 Binn. 231; Carver v. Jackson, 4 Pet. 83; Stewart v. Butler, 2 Serg. & R. 382; see also Greenl. Ev., §§ 2, 3, note 2; *id.*, §§ 204, 279; Fine v. St. Louis Public Schools, 30 Mo. 143, 173-4; Hempstead v. Easton, 33 Mo. 147.) The statute (R. C. 1855, p. 748, § 56) does not say the recital shall be even *prima facie* sufficient to prove the fact recited.

A sale under a satisfied execution is void for want of legal authority to sell, and will not pass title. (Sherman v. Boyce, 16 Johns. 446; Hammett v. Wyman *et al.*, 9 Mass. 142; King v. Goodman, 16 Mass. 64.) By analogy to the rule as above

stated, the authorities abundantly show that where the officer has once levied an execution on the personal property of the debtor sufficient to satisfy the debt, he can not legally make a subsequent levy of that execution on other property, for the reason that the first levy is a satisfaction *prima facie* of the execution. (Clark v. Withers, 1 Salk. 323 ; Hoyt v. Hudson, 12 Johns. 208 ; Wood v. Torrey, 6 Wend. 563 ; Ladd v. Blunt, 4 Mass. 403.)

The law attaches to the debt for the purchase money, as an incident thereto, a lien upon the lands sold, which may be enforced against the vendee and all subsequent purchasers under him with notice.

The lien being but an incident to the debt, the assignment of the debt by Ely to Martin passed the incident just as the assignment of a note, secured by a mortgage, passes to the assignee the mortgage lien as an incident.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment instituted by the plaintiff in the Ralls County Circuit Court against the defendant Briggs, who was in possession of the land; and, on motion, McPike, who claimed to own the same, was made a co-defendant. It is admitted that both parties claim to derive title from Briggs as the common source. The plaintiff's claim originates in a deed from the sheriff of Ralls county, in which are recited several executions under which the sales were made. The judgments whence the executions were issued were all rendered in March, 1862, except one in favor of Rice, which was rendered in August, 1859, and one in favor of Proctor, rendered in August, 1860. The Rice judgment was against B. M. Briggs, the defendant, alone. The other judgments were all against B. M. Briggs and J. C. Briggs, and some of the judgments rendered in 1862 were against them in conjunction with other parties.

The defendant McPike claims title under a deed of trust which was executed by B. M. Briggs to Ralls as trustee, in January, 1861, and recorded in March, 1861. He also claims by virtue of a purchase under execution, on a judgment against B. M. Briggs for a part of the purchase money of the land, in favor

of one Martin, against Briggs, which judgment was rendered specially against the land for the purpose of foreclosing the vendor's lien. He contends that the judgment in favor of Proctor, which was older than the deed of trust, had been paid at the time of the sale of the B. M. Briggs land, and that, therefore, the sale of the sheriff was without authority, and carried no title as against him. The Circuit Court by its instructions sustained both of the positions taken by the defendant, and judgment was accordingly given for him.

The first objection urged by the appellant against the ruling of the court below is that it was incompetent to introduce parol evidence to vary or contradict the recitals of the sheriff's deed. The deed recites that the lands of both B. M. Briggs and John C. Briggs were set up and sold to satisfy the executions, but there is nothing to show which was sold first in the order of time.

It appears that the land of John C. Briggs brought upward of $7,000, and that, after satisfying the Proctor judgment, there was more than $5,000 left to be distributed on the junior judgment. As the lands of both the Briggs's were liable for the judgment of Proctor, it is material to the rights of the parties to know which land was first sold.

If Proctor's judgment was paid off and satisfied with the proceeds of the sale arising from J. C. Briggs' land, then the purchase by McPike of the land of B. M. Briggs, under the deed of trust, vested in him a good title, as the trust deed constituted a prior lien over all the judgments.

To show that the lands of J. C. Briggs were first sold by the sheriff, the sheriff himself and several other witnesses who attended the sale were permitted to testify, and they state unequivocally that such was the fact. There was also some evidence tending to show the contrary, but the fact was for the jury. The only question for this court to decide is whether the evidence was admissible.

The counsel for the appellant has referred us to several cases in the New York Reports, which seem to sustain the position assumed by him as to the inadmissibility of the testimony.

The case of Jackson v. Roberts, 7 Wend. 83, which purports

to follow certain cases in Johnson's Reports, decides the very question presented here in favor of the views of the appellant. That case holds that where a sheriff had two executions, on which he sold four several distinct parcels of land, and the first two parcels described in his deed brought an amount more than sufficient to satisfy the older execution, and no sale was valid under the junior execution; still the last two parcels were legally sold, and passed by the sheriff's deed to the purchaser, the sheriff stating in the deed that the seizure and sale were by virtue of both executions. It was declared by the court that it was not allowable to a third person collaterally to introduce evidence to show that the sale was had only by virtue of and under one execution. This case was afterward taken to the Court of Errors, where the judgment was affirmed, the court standing eleven for affirmance and nine for reversal. Senators Edmonds and Seward delivered dissenting opinions, and the former, in a very able opinion, discusses the question on principle and reviews the authorities, and I think satisfactorily shows that the conclusion arrived at by the majority was founded in mistake.

In Carver v. Jackson, 4 Pet. 1, it is laid down generally, that a recital of one deed in another binds the parties and those who claim under them. Technically speaking, it operates as an estoppel and binds parties and privies — privies in blood, privies in estate, and privies in law. But it does not bind either strangers or those who claim by title paramount to the deed. It does not bind persons claiming by an adverse title, or persons claiming from the parties by title anterior to the date of the reciting deed. This principle was re-asserted in Crane v. Lessee of Morris, 6 Pet. 598, and it was said that the general rule was that a recital of one deed in another bound the parties and those who claimed under them by matters subsequent.

In the case of Penrose v. Griffith, 4 Binn. 231, it is laid down that a deed containing a recital of another deed is evidence of the recited deed, against the grantor and all persons claiming by title derived from him subsequently. But it is not evidence against one who claims from him by title prior to the deed which contains the recital, nor is it evidence against a stranger. It was there-

fore decided that recitals of certain mesne conveyances contained in a patent from the Commonwealth to A. were not evidence of those conveyances against B., who claimed under a warrant from the Commonwealth prior to the patent.

The grantor in a deed is considered as having acknowledged under seal and in writing the existence of the matters which he recites, and he is estopped from denying so solemn an admission. Hence it can be evidence only against himself and against those who affirm and sanction his admission by claiming under the deed which contains it. It can not be evidence against strangers or against those whose claim is adverse.

The language of Judge Edmonds seems to me to be the correct doctrine. He says : " I have, then, arrived at this conclusion upon the just exception that it would be highly dangerous to the rights of property to permit the recital in a sheriff's deed to be conclusive evidence against all the world of the facts contained in it ; that such recital is an admission of the parties to the instrument, and, as such, binding only on those parties and others claiming under it ; that the recital is a necessary part of the deed only so far as it is a statement of the authority under which the sheriff acted in selling ; that that authority is a matter resting *in pais ;* and that whether he did or did not sell under an execution is matter to be proved by evidence out of the deed, and may be disproved by such evidence."

If a judgment be satisfied, the power to sell under it ceases ; and should a sale take place under it, the purchaser will acquire no title. (Weston v. Clark, 37 Mo. 568 ; Wood v. Calvin, 2 Hill, 566 ; Jackson v. Anderson, 4 Wend. 474 ; Sherman v. Boyce, 15 Johns. 543 ; Jackson v. Caldwell, 1 Cow. 622 ; Hammatt v. Wyman, 9 Mass. 138 ; King v. Goodwin, 16 Mass. 63.)

When property enough is sold to satisfy the oldest execution, there is nothing to justify the officer in selling more under it. When the sheriff has but one execution in his hands, there can be no doubt that it is satisfied the instant that he has raised enough to pay it. After he has sold enough to satisfy the execution, he can not still go on and sell more of the defendant's property. When the sheriff sold sufficient of the J. C. Briggs

property to satisfy the Proctor execution, the levy as to the B. M. Briggs land was then *functus officio*. It had spent its force and was exhausted.

When an execution has performed its office by extracting full satisfaction from a portion of the debtor's property, it can not have sufficient life and vigor left to deprive him of the residue and transfer the title from him to another. I think it may be stated as the safest rule that where it appears on the face of the deed or is shown by proof *aliunde* that certain of the premises were sold by virtue of one or more executions, after such executions were satisfied by the sale of other property, the deed as to such premises so subsequently sold is void and inoperative. As to the first point, therefore, I think the court committed no error; and as this is decisive of the case, it becomes immaterial to inquire whether McPike strengthened his title by buying in the premises when they were sold to satisfy the vendor's lien. Martin, who brought the suit to enforce the lien, was the assignee of Ely, who sold the land to B. M. Briggs. And it is doubtful whether the assignee of a note given for the purchase money acquires by such assignment the lien which the vendor himself had. There is a conflict in the authorities on this question, and the case does not require that we should express any opinion upon it. But when Ely sold the land to B. M. Briggs he took the latter's notes, with personal security for the balance of the purchase money due; and it is the settled law in this State that where the vendor sells land and takes collateral security for the purchase money, he will be considered as waiving his lien upon the land conveyed. (Delassus v. Porter, 19 Mo. 425; Sullivan v. Ferguson, 40 Mo. 79.) The taking of collateral security may not be conclusive evidence of a waiver of the lien; but if the vendor entertained a different intent, he must show it by satisfactory testimony. The court instructed in favor of the lien, without any evidence being introduced of the intention of the vendor to retain the same, and in this it erred.

It is contended here by the counsel for the respondent that the lien had ceased to exist as to the Rice judgment, which was only $42.38. But this was not the point raised, nor the theory on which the case was tried in the court below.

The third instruction places the law in reference to the Rice judgment upon the same footing with that as applied to the Proctor judgment. It tells the jury that if the sheriff had in his hands the execution on the Rice judgment, and also executions on the various judgments rendered at the March Term, 1862, which were liens on said lands younger than and subject to the trust deed; and if they found the sheriff sold the lands in controversy under the Rice execution, and all the executions issued on the judgments rendered in March, 1862, after the filing of the trust deed, and that said lands were sold in subdivisions or separate parcels, and that the first parcel sold realized more than enough to satisfy the Rice execution, the fact that the sheriff afterward continued to sell the other parcels under the Rice execution, as well as the other executions on said younger judgments, did not operate to vest in the purchaser of said parcels a title free of the trust, but that under such circumstances the purchaser took title to the tracts or parcels sold after the sale of the first tract or parcel, under the executions other than the Rice execution.

This instruction was unobjectionable and conformed to the law as previously announced in this opinion. Although the court erred in its instruction as to the vendor's lien, because there was no evidence submitted to the jury on which to base the instruction, still the other questions are decisive and lead to an affirmance.

Judgment affirmed. The other judges concur.