INCREASE ADAMS, Respondent, *v.* THOMAS G. BUCHANAN *et al.*, Appellants.

1. *Vendor's lien — Waiver — Taking note — Bidding in the property — Attachment.* — Although the taking of other securities will be considered as a waiver of his lien for the purchase-money by the vendor of land, in the absence of an express agreement that it shall be maintained, yet the mere receipt of a note for the purchase-money will have no such effect. Nor would the fact that he had bid in the property at an execution sale against the vendor for a nominal sum, so as to compensate him for his debt due him, amount to such surrender. Nor would the fact that he had attached the property for that and other debts, where the entire property was sold under prior attachments, and that of the vendor was of no avail, be construed to operate as a surrender of the lien.

2. *Vendor's lien — Innocent purchaser — Property bought in by attaching creditor, without notice of lien, etc.* — A *bona fide* purchaser of land, without notice of the vendor's lien, takes it discharged of any such liability. And the rule is not altered where he bought at a sale under an attachment levied by himself, if he had given credit to the debtor; because the property had been held by the latter with no apparent encumbrance, and it was the fault of the vendor claiming his lien that he had so trusted him.

3. *Deed, sheriff's, without certificate of acknowledgment—Defect not remedied by clerk's minutes.* — A sheriff's deed, lacking the indorsement of clerk's certificate of his acknowledgment, cannot be shown in evidence; and the defect cannot be supplied by a transcript from the clerk's entries showing the acknowledgment and its entry upon his minutes.

*Appeal from Lincoln Circuit Court.*

*A. H. Buckner*, for appellants.

Defendants purchased without any notice of plaintiff's lien, and could not be affected by it. The deed was sufficient to pass title, notwithstanding the lack of the clerk's indorsement of the sheriff's acknowledgment. (Scruggs v. Scruggs, 41 Mo. 242; Crowley v. Wallace, 12 Mo. 145.) Plaintiff's obtaining judgment against defendants' property, real and personal, was most emphatically a taking of other security, which discharged his lien. (Gilman v. Brown, 1 Mason, 212; 1 Sto. Eq. 480; 4 Kent's Com. 151-3; Cowl v. Varnum, 37 Ill. 181; 27 Ill. 433; Trustees of Schools v. Wright, 11 Ill. 606; 3 Kansas, 172.) Plaintiff is estopped from claiming his lien. His deed to defendant is on record, and after causing a lien to attach to it as the land of the latter, he cannot now say that it is not defendants' land. (Landsdorf v. Field, 36 Mo. 440.)

This suit was commenced long after defendants had brought a petition to set aside Adams' deed from the sheriff in 1862 (46 Mo. 95) for fraud in Adams, and he has waived his lien by lapse of time. (11 Ill. 606; Scruggs v. Scruggs, 41 Mo. 242; 4 Kent's Com. 151–3; Brown v. Gilman, 1 Mason, 224; 2 Sto. Eq. 480, note; Lansdorf v. Field, *supra;* 37 Ill. 185; 11 Ill. 606; 3 Bibb, 184; 27 Ill. 433.)

*Henderson & Dyer*, and *Fagg*, for respondent.

I. Plaintiff's taking of the note was no waiver of the lien without some other act constituting a waiver. (Marsh v. Turner, 4 Mo. 253; Delassus v. Poston, 19 Mo. 425; 1 Johns. Ch. 309; 2 Sto. Eq. Jur. 1217, 1224–5.)

II. Plaintiff's attachment against defendant did not waive it. (Delassus v. Poston, *supra;* Clark v. Hunt, 3 J. J. Marsh. 558.)

III. His purchase of the land under the Bacon and Milroy execution did not affect his lien. (Delassus v. Poston, *supra.*)

IV. The lien not only exists against the vendee, but it exists against volunteers and purchasers with notice. It exists against purchasers without notice who have not paid the purchase-money. It exists against assignees for the benefit of creditors, and it will prevail against a judgment creditor both before and after conveyance to the vendee. (2 Sto. Eq. Jur., § 1228; Bailey v. Greenleaf, 7 Wheat. 56; Mackreth v. Simmons, 15 Ves. 354; 4 Kent's Com. 153–4, notes c and a; 2 Sto. Eq. Jur., § 1229.)

V. A judgment creditor can have no equity against the vendor, even though he may have purchased at execution sale, for he occupies simply the position of the judgment debtor.

VI. The sheriff's deed to Turner and Knight, being without the certificate of acknowledgment, cannot be used to show title in them under a sheriff's sale. (Ryan v. Carr, 46 Mo. 483.) The case of Scruggs v. Scruggs, 41 Mo. 242, has no bearing on this point. In that case the acknowledgment was in due form and indorsed on the deed, and the party claiming under the deed could not see that the record was right.

5—XLIX.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings his suit to enforce a vendor's lien, and shows that in 1859 he sold certain real estate in Lincoln county for about $5,000 to defendant Buchanan, who paid a portion of the purchase-money, and in December, 1859, executed for the balance his promissory note for $3,176, upon which $850 was afterward paid. In 1861, Buchanan having sold a portion of the land, failed and left the country. Attachment proceedings were at once instituted against his property by defendants Turner and Knight, and Thomas Turner and H. J. Pollard, and also a subsequent attachment was sued out by the plaintiff. Mr. Knight bid in the property upon sale under the judgment rendered in the attachment proceedings, and thus cut off the plaintiff from any relief under his attachment; and it also appears that at a sale upon a judgment in favor of Milroy and Bacon against Buchanan and the plaintiff, of a date prior to the attachments, the plaintiff had bid in the same property. But the sale to him was set aside and the case came here upon error, and is reported in 46 Mo. 95. What became of that judgment does not now appear, and it is only exhibited in this record to show that Adams, by bidding in the property himself upon a judgment that would be subordinate to his lien, if one existed, as well as by suing out his attachment, has discharged his lien, and cannot now prosecute it. We have, then, to consider whether these acts of the plaintiff will have that effect.

This court has adopted the general law of the States and of England in regard to vendors' liens, and as between vendor and purchaser has uniformly given it effect. The equity has been denied in some of the States, and in others looked upon with disfavor, upon the ground that it was the policy of the law that all liens and encumbrances should be spread upon the record; and in this view, and in favor of creditors who have trusted their debtor in ignorance of the lien, not altogether without reason. The leading principles governing it are stated with great clearness and terseness in the first paragraph of Judge Gamble's opinion in Delassus v. Poston, 19 Mo. 425, and so far as they are applicable I will apply them to the present case:

First, there was no original waiver of the lien, for it is clearly settled that the taking a note by the vendor has no such effect. Yielding this, the defendants insist, second, that the lien was discharged by the acts of the plaintiff; and if not, that it ceased in favor of execution creditors who have purchased at their own sales without knowledge of its existence.

If the lien was waived at the original sale of the property, it was because the acts of the vendor indicated that he did not design to retain it. Thus, if he took other securities, the inference is that he intended to look to them and not the land. (Delassus v. Poston, *supra;* Sullivan v. Ferguson, 40 Mo. 79; Durette v. Briggs, 47 Mo. 356; Gilman v. Brown, 1 Mason, 212; 4 Wheat. 291; Fish v. Howland, 1 Paige, 20.) Judge Story (Sto. Com., § 1226) states the rule differently from its general understanding, conforming to the language of certain eminent English jurists quoted in the notes. In England, in the cases noted, it has been held that if other security is taken, it is incumbent on the vendor, or person interested in destroying the lien, to show affirmatively that the vendor agreed to rest upon the security alone. But, on the other hand, our courts adopt the rule quoted in Delassus v. Poston, from Walworth, chancellor, that the taking of other security shall be considered as evidencing an intention to waive the lien, unless there is an express agreement that it shall be maintained.

In the case at bar no other security was taken, and I only refer to the established rule as aiding us to construe the subsequent acts of the plaintiff. Did, then, the steps taken by plaintiff to collect his debt show any design to abandon his claim upon the land? for if so, in the light of the established rule, he must be considered as having done so without affirmative proof of any agreement to surrender it.

It should be observed that the lien cannot be predicated upon any knowledge of its existence, nor can its abandonment be predicated upon acts that merely indicate ignorance of its existence; for, in the language of Walworth, chancellor, in Fish v. Howland, "if the actual intention of the parties was to govern the decisions of the court, the lien would seldom be sustained; for it is proba-

ble that not one person in a hundred who conveys or purchases real estate is aware of the existence of such a principle of equity."

It is in evidence that the plaintiff, being bound with Buchanan upon a debt that had been reduced to judgment against both of them, for the purpose of procuring the land at a nominal sum, and thereby making it compensate him for the present indebtedness, bid it in for the amount of the judgment; but the sale, as we have seen, was set aside in consequence of his contrivances to prevent competition. The attempt thus to provide for this indebtedness, as well as for his liability upon the judgment, may indicate ignorance, but has no tendency to show that he looked to other securities, or designed to surrender his lien.

It is also shown that the plaintiff attached the property upon this and some other debts, and it is urged that this would operate as a surrender of the lien. I do not see how it could have that effect. It has always been held that taking a bond or note for the purchase-money, with no additional security, neither waives nor discharges the lien ; and if such instrument be taken, the right to enforce its collection in all lawful ways necessarily follows. Those who hold obligations secured upon realty are not obliged to resort to a proceeding against the realty, but may collect them otherwise if they can; and it does not matter whether the security be given by deed, or whether it exists by operation of law. In Clark v. Hunt, 3 J. J. Marsh. 553, where the plaintiff, seeking to enforce a vendor's lien, had before prosecuted to judgment the notes given for the purchase-money, and the executions were replevied, thus giving the additional security of the replevin bond, it was urged that this additional security operated as a surrender of the lien. But the court held otherwise, and says that "an attempt in a court of common law to coerce the payment of the consideration, cannot, unless that attempt shall have succeeded, deprive Clark, the vendor, of his equitable right in a court of chancery," and further shows that the giving of the replevin bonds was not an acceptance by Clark of new security, and could not indicate his intention to discharge the lien. This attachment was subsequent to those under which

defendants purchased the property, and availed the plaintiff nothing. The purchasers in no sense hold under the plaintiff, and his attachment proceedings extinguished no part of the debt. I am of opinion, then, that the plaintiff's abortive attempt to collect his debt by this proceeding did not discharge his lien.

It is further claimed that defendant Knight, being a purchaser at sheriff's sale, without notice of the lien, will hold the property divested of it. The principle upon which the right or lien under consideration is based, is that an unpaid vendor shall be allowed to charge the land as though it were held in trust for him; but the policy of the law will only permit him to so charge it in the hands of the vendee, or in the hands of his assignee, with notice of his claim. A *bona fide* purchaser without notice takes it discharged of any such liability, and the question is whether the defendant Knight can be allowed to hold it so discharged.

There can be no doubt that if the purchaser had been a stranger to the judgment, and had bid in the property without knowledge of the facts, he would have taken it divested of the lien. He certainly should be placed in as good a position as though, at an ordinary execution sale, he had purchased property covered by an unrecorded deed or mortgage; and we have uniformly held that such person takes the title against the unrecorded instrument, in the same manner as any other purchaser without notice. Surely a vendor's lien — a right not evidenced by writing, and that may be waived or discharged almost without knowing it — can have no greater strength than a regular conveyance rendered invalid as to other purchasers for want of registration; and in Massachusetts it is held that the attaching creditor himself, without notice, takes the title against an unregistered instrument; he is treated as a purchaser. (Coffin v. Ray, 1 Metc. 212.)

While this court has given effect to the general law upon the subject of vendors' liens, as regards sales to strangers, I do not find that the rights of attaching or judgment creditors have been considered. Nor have I been able to find that the exact question involved in this record has been decided by other courts.

In the Supreme Court of the United States, in Bayley v.

Greenleaf, 7 Wheat. 46, it was held that the vendor's lien will not be enforced against a mortgage to creditors to secure existing debts. In giving the opinion, Chief Justice Marshall goes further and distinctly holds such liens discharged as against all judgment creditors. This opinion is disapproved in some of the States, but is indorsed in many others. (See cases referred to in 1 Wh. & Tud. Eq. Cas., 3d Am. ed., 371–4.)

The case at bar does not require an opinion upon the general proposition, and we might agree that a vendor has a right superior to a general judgment creditor, and still hold that when the latter has attached or levied upon the property and bid it in, with no notice of the lien, his equity is stronger than that of the former. In commercial law a person who receives commercial paper upon a pre-existing debt is a purchaser for a good consideration, as though he had paid for it at the time, and holds it discharged of equities; and the Supreme Court of Alabama, in Bank, etc., v. Sayre, 8 Ala. 886, applied the principle to the case of a purchase without notice by the creditor at execution sale of property covered by an unregistered mortgage, holding the extinguishment of the existing debt a good consideration. In the case at bar, defendant Knight should be treated as a purchaser for value without notice. His equity is at least equal to that of the plaintiff; for though the latter possesses the equity of an unpaid vendor, the former has trusted the debtor on the strength of property held by him with no apparent encumbrance, and that he so trusted him is the fault of the plaintiff.

It is this consideration that induced that most eminent of judges, in Bayley v. Greenleaf, to hold the lien discharged as against all judgment creditors, and to declare that if the vendor fails to reduce his lien to a mortgage, "he is in some degree accessory to the fraud committed on the public by an act which exhibits the vendor as the complete owner of the estate on which he claims a secret lien." Added to this equal equity, the defendant possesses the legal advantage of an attachment levy and sale which should give him priority.

But the purchaser has not perfected his purchase by a deed from the sheriff. He exhibited at the trial — and it was admitted

in evidence against plaintiff's objections — a deed without a certificate of acknowledgment, but undertook to supply the defect by a transcript from the clerk's entries showing the acknowledgment and its entry upon his minutes.

In Scruggs v. Scruggs, 41 Mo. 242, the deed was sustained when the acknowledgment and the certificate upon the deed were regular, notwithstanding a defective entry upon the minutes, but the reasons for sustaining it do not apply to this case. This deed is radically defective upon its face. The clerk's certificate of acknowledgment indorsed upon the instrument is an essential part of it (Ryan v. Carr, 46 Mo. 483), and it must be held to be error to receive it in evidence without the indorsement.

The statute makes the deed *prima facie* evidence of previous proceedings, and it was received as such evidence in this case. But it is a perfect, a complete deed that is thus made evidence, and not one that lacks this essential complement. The defendant should have perfected his title before trusting to his purchase.

For the error in admitting this deed in evidence, the judgment is reversed and the cause remanded. The other judges concur.