CARR, *Plaintiff in Error*, v. THOMPSON.

1. **Vendor's Lien**: INDEPENDENT SECURITY : MEANING OF THE WORD "DUE." A contract for the sale of land fixed certain sums to be paid by the purchaser at specified dates, and, in addition, provided that he should pay one of the vendors the amount for which he (the vendor) might be liable as surety on a certain guardian's bond, as soon as the same should be ascertained and known, by note and security. It further expressly reserved liens on the land for "all said sums of money due" from the purchaser to the vendors. In a suit by the vendor who was liable on the bond, to enforce a lien for the amount of his liability, which had, in the meantime, been ascertained, *Held*, 1st, that the word *due* was used in the sense of *owing*, and referred to this unascertained liability as well as to the fixed sums contracted to be paid, and the vendor's lien was reserved for all alike ; 2nd, that, being expressly reserved, the lien could be enforced notwithstanding the contract called for other security in addition. The rule that when the vendor requires independent or collateral security for the purchase money, he will be deemed to have waived his equitable lien, does not apply to such case.

2. **Statute of Limitations**: WRITTEN PROMISE TO PAY. Ten years, and not five, is the period of limitation against a promise in writing to pay a sum of money to be subsequently ascertained. The five year limitation applies where the writing is of such a character that evidence *aliunde* is required to show a promise to pay.

*Error to Lafayette Circuit Court.*—HON. WILLIAM T. WOOD, Judge

*H. C. Wallace* for plaintiff in error cited, as to ven-

dor's lien, *Adams v. Cowherd*, 30 Mo. 458; *McClurg v. Phillips*, 57 Mo. 214 and 49 Mo. 315; *Tatum v. Brooker*, 51 Mo. 148; *Harrington v. Fortner*, 58 Mo. 468; *Major, Admr., v. Bukley*, 51 Mo. 227; *Johnston v. Gwathmey*, 4 Litt. 318; *Davis v. Clay*, 2 Mo. s. p. 161; *Linton v. Boly*, 12 Mo. 567; *Digman v. McCollam*, 47 Mo. 372; *Rhodes v. Outcalt*, 48 Mo. 367; *Emison v. Whittlesey*, 55 Mo. 254; *Mackrith v. Symmons*, 15 Ves. 329; Leading Cases in Equity, Vol. 1, Hare & Wallace's Notes, top pages 270, 272, 274; *Davis v. Lamb*, 30 Mo. 441; *Wallace v. Wilson*, 30 Mo. 335; *Bledsoe v. Games*, 30 Mo. 448; *Morris v. Pate*, 31 Mo. 315; *Ficklin v. Stephenson*, 33 Mo. 341; *Blackburn v. Tweedie*, 60 Mo. 505; *Rose v. St. Charles*, 49 Mo. 509. As to the statute of limitations, *Bauer v. Wagner*, 39 Mo. 385; *Reyburn v. Casey*, 29 Mo. 129; *Moorman v. Sharp*, 35 Mo. 283; 2 Wag. St., 917, § 9.

*Walker & Field* for defendant in error insisted that the deed expressly reserved a lien for all sums of money due from Thompson to Carr and Estill, and these sums had been paid, but for that sum which was unknown and had to be ascertained no lien was retained, but the same was to be paid by note and security. *Expressio unius est exclusio alterius*, is the maxim in such cases. As to vendor's lien, they cited: *Cowls v. Varnum*, 36 Ill.; *Delassus v. Poston*, 19 Mo. 425; *Sullivan v. Ferguson*, 40 Mo. 79; *Durette v. Briggs*, 47 Mo. 356; *Selby v. Stanley*, 4 Minn. 65; *Heister v. Green*, 48 Penn. St. 102; *Heist v. Barker*, 49 Penn. St. 9; *Strauss' Appeal*, 49 Penn. St. 358; 2 Washburn Real Property (5 Ed.) 505; *Dubois v. Hull*, 43 Barb. 29; *Coit v. Fougera*, 36 Barb. 195; *Adams v. Buchanan*, 49 Mo. 64. As to the statute of limitations, *Menefee v. Arnold*, 51 Mo. 536; 2 Wag. Stat. 918, § 10; *Coomes v. Moore*, 57 Mo. 338.

HOUGH, J.—This was a proceeding to enforce a vendor's lien against certain lands in Lafayette county. The defendant, Liese, denied the existence of the lien, and

pleaded the statute of limitations   The court below entered a decree in favor of the defendant, and the plaintiff has brought the case here by writ of error.   The existence of the lien  depends  upon the construction to be given to an instrument, executed by the plaintiff, and others, which was intended to be a conveyance, but which, for the want of a seal, could not take effect as a deed.   Notwithstanding some errors of syntax, it sufficiently appears from that instrument, which bears date October 25th, 1866, that on the 31st of May, 1866, William R. Estill became the purchaser of the land in question, as trustee for the joint benefit of himself, the plaintiff, David T. Carr, and the defendant, James E. Thompson; that afterwards, on the 11th of September, 1866, said Estill, Carr and Thompson agreed in writing, that in consideration of $4,000, with interest from the 11th day of September, 1866, being paid by Thompson to Estill on the 1st day of December, 1866, and the payment to said Estill of the further sum of $4,000 with interest, on the 1st day of December, 1867, and a like sum, with interest, on the 1st day of December, 1868, and also in consideration of the sum of $2,002.19 being paid to said Carr on the 1st day of December, 1866, with interest from September 11th, 1866, by said Thompson, " and that he, Thompson, should pay the said Carr the amount for which he may be liable as the security on the bond of one J. Henry Chiles, as guardian of his daughter, Sallie Chiles, as soon as the same is ascertained and known, say in twelve months from this date, (September 11th, 1866,) by note and security, with interest from this date," said land should be conveyed to Thompson; and said instrument was executed in fulfillment of that agreement, as and for a deed.   After the foregoing recitals, a description of the land is given, and there occurs the following passage: " It is distinctly understood, that for all of said sums of money due from the said Thompson to said Estill, and to said Carr, liens on the land hereby conveyed are expressly reserved, and the land conveyed is liable for the same."   The

foregoing conveyance or contract was duly recorded in Lafayette county, on the 5th day of December, 1866. All of the aforesaid sums were paid, except the one last mentioned, which was ascertained within twelve months from September 11th, 1866, to be $1,858.52. In the year 1868 the defendant, Thompson, conveyed the lands in question to the defendant, Liese, who is still the owner thereof.

Liese now insists that no lien was reserved in the deed from Estill and Carr to Thompson to secure Carr in the amount for which he was liable as surety on the bond of J. Henry Chiles, but that the amount of said liability when ascertained, was, by the terms of the deed to be otherwise secured. When the vendor of land requires independent or collateral security for the purchase money, in the absence of an express agreement to the contrary, he will be deemed to have waived his equitable lien therefor, on the land sold. *Adams v. Buchanan*, 49 Mo. 64; *Durette v. Briggs et al.*, 47 Mo. 356; *Sullivan v. Ferguson*, 40 Mo. 79; *Delassus v. Poston*, 19 Mo. 425. In the present case it is evident that collateral security was required for one of the sums constituting the consideration for the land, but it is equally plain, we think, that the vendor also retained his equitable lien therefor on the land sold. The language of the instrument is "for all of said sums of money due from the said Thompson to said Estill and to said Carr," liens on the land, are expressly reserved. The argument that the sum in question was not due is, we think, without force. The word " due " was inaccurately used by the scrivener, but no one we presume, would pretend that it was not intended to refer to the deferred payments to be made to Estill, although they were not technically due. The word was manifestly used in the sense of " owing," and surely it could, with as much propriety, be applied to an unascertained sum as to one which was already ascertained and agreed upon. Both were alike parts of the consideration for the land, and one was as much owing or due as the other, and the vendor's

<div style="margin-left:2em; font-size:smaller;">1. VENDOR'S LIEN: independent security: meaning of the word due.</div>

lien was, in our opinion, reserved for both. In this view of the case it will be unnecessary to consider the fact that the instrument intended as a deed, was operative only as a contract to convey, and that the deed from Thompson to Liese, by reason thereof, only conveyed an equity.

The circuit court properly ruled that the plaintiff's suit was not barred by the statute of limitations. The promise to pay was in writing, and though the sum to be paid was not expressed in the writing, but was by the terms thereof to be thereafter ascertained, that fact would not take it from under the operation of the ten year statute. Were the writing of such a character, that evidence *aliunde* would be required in order to show a promise to pay, the limitation of five years would apply.

2 STATUTE OF LIMITATION : written promise to pay.

We are all of the opinion that the judgment should be reversed and the cause remanded.

REVERSED.